# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DOROTHY COMBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 10-2446-JWL |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review, (Doc. 1), of a partially favorable decision of the Commissioner of Social Security (hereinafter Commissioner) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act; 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act), which denied disability insurance benefits (DIB) and supplemental security income (SSI) before Plaintiff attained fifty-five years of age on December 7. 2006, but determined that she became disabled on that date by application of the Medical-Vocational Guidelines (hereinafter Grid), Rule 202.06. (R. 11-24). Plaintiff filed her Social Security Brief in accordance with Local Rule 83.7.1, (Doc. 6) (hereinafter Pl. Br.), and in response the Commissioner filed a "Motion to Reverse and Remand and

for Entry of Final Judgment" along with a memorandum in support. (Doc. 11, 12). The case is now ripe for judicial review in accordance with 42 U.S.C. § 405(g).

## I.     Background

In her brief, Plaintiff made three allegations of error. (1) Based upon the testimony of the vocational expert at the hearing Plaintiff claimed that the RFC assessed by the administrative law judge (ALJ) limited her to sedentary work, and application of Grid Rule 201.14[1] requires a finding of disabled. (Pl. Br. 9-12). (2) Plaintiff points to record evidence which, in her view, constitutes substantial record evidence requiring a finding that she is capable only of sedentary work. Id. 12-13. (3) Finally, Plaintiff claimed the ALJ erred in weighing the medical opinions of her treating physicians, Dr. Ryan, and Dr. Snodell. Id. at 13-15.

Instead of filing a responsive brief, the Commissioner filed his motion to remand and memorandum in support. In his memorandum, the Commissioner "submits that

---

[1]Plaintiff argues that the ALJ found her "not disabled" under Grid Rule 202.11, and she cites to Rule 201.10 as the proper corresponding Rule which would result in a finding of "disabled." (Pl. Br. 11). Plaintiff is incorrect in both respects. The ALJ analyzed her situation before age fifty-five under Rule 202.14 as a high school graduate or more, with skilled or semiskilled prior work experience, but with no skills transferable, and found her "not disabled." (R. 23). When Plaintiff became age fifty-five, the ALJ applied Rule 202.06 as a high school graduate or more, not providing for direct entry into skilled work, with skilled or semiskilled prior work experience, but with no skills transferable, and found her "disabled." (R. 24). Based upon these facts, the court notes that as used above, the actual corresponding Rule is 201.14, high school graduate or more, not providing for direct entry into skilled work, with skilled or semiskilled prior work experience, but with no skills transferable. Nonetheless, in accordance with Plaintiff's allegations, application of the corresponding Rule, 201.14, if proper, would result in a finding of "disabled."

2

remand is necessary for further consideration of Plaintiff's claims," and asserts that on remand, an ALJ "will be directed to reevaluate all the medical opinions of record . . .; obtain evidence from a medical expert, if available and necessary; reevaluate Plaintiff's credibility . . .; and obtain evidence from a vocational expert."  (Doc. 12 pp.1-2) (Comm'r Mem.).  The Commissioner admits that "the ALJ's decision was deficient."  (Comm'r Mem. 2).  Although the Commissioner did not specify the errors committed, his explanation of the instructions to be given to the ALJ on remand reveals that at least he agreed with Plaintiff that the ALJ did not properly evaluate the vocational expert testimony, and did not properly weigh the medical opinions.

In her response, Plaintiff noted that the court has discretion to remand for an immediate calculation and award of benefits, and argued that is the proper remedy in this case.  (Doc. 13 pp.1-2) (Pl. Response) (citing the Eighth Circuit case of Olson v. Shalala, 48 F.3d 321, 323 (8th Cir. 1995)).  She argued that the Commissioner has not shown any issues addressable on remand which were not before the ALJ earlier, that he has shown no compelling argument why the ALJ should get a second opportunity to get it right, and that the record evidence is complete and firmly establishes disability for the entire period. (Pl. Response 2).  In his reply brief, the Commissioner points out that the court's role is not to reweigh the evidence or substitute its judgment for that of the Commissioner, and argues that a determination to order an immediate calculation and award of benefits would require the court to reweigh the medical opinions and make findings of fact regarding the relative weight to be accorded the various opinions and other record

evidence. Since both parties agree the ALJ erred, the case must be remanded for correction of the errors. The real question before the court is whether to remand for further proceedings or to remand for an immediate calculation and award of benefits.

**II. Analysis**

Controlling precedent provides that whether to remand the case for additional fact-finding or for an immediate calculation and award of benefits is within the discretion of the court. Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993); Taylor v. Callahan, 969 F. Supp. 664, 673 (D. Kan. 1997) (citing Dixon v. Heckler, 811 F.2d 506, 511 (10th Cir. 1987)). In 2006, the Tenth Circuit noted two factors relevant to whether to remand for an immediate calculation and award of benefits: Length of time the matter has been pending and "whether or not 'given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." Salazar v. Barnhart, 468 F.3d 615, 626 (10th Cir. 2006)(quoting Harris v. Sec'y of Health & Human Servs., 821 F.2d 541, 545 (10th Cir. 1987); and citing Sisco v. Dep't of Health & Human Servs., 10 F.3d 739, 746 (10th Cir. 1993)).

The decision to direct an award of benefits should be made only when the administrative record has been fully developed and when substantial and uncontradicted evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits. Gilliland v. Heckler, 786 F.2d 178, 184, 185 (3rd Cir. 1986). Nevertheless, the Commissioner is not entitled to adjudicate a case ad infinitum until he correctly applies

4

the proper legal standard and gathers evidence to support his conclusion. <u>Sisco</u>, 10 F.3d at 746.

Although Plaintiff's claim has been pending a significant time since December 2004, she was awarded benefits beginning December 7, 2006, and has been receiving benefits monthly. Therefore, Plaintiff's plight is not becoming increasingly difficult over time. As Plaintiff argues, the direct evidence relating to the time period at issue is complete, and neither party suggests that additional records relevant to that period are not in the record or will become available on remand.

Contrary to Plaintiff's other assertions however, the evidence of disability during the period at issue is not uncontroverted, and additional development on remand would aid in reaching a proper determination. As the ALJ noted, the state agency physicians reviewed the record evidence in July and December 2005, and both opined that Plaintiff is able to perform light work. (R. 19) (citing Ex. 1F/13-20, 27-35 (R. 184-91, 198-206)).

Moreover, despite the argument in Plaintiff's brief, and the vocational expert's testimony at the hearing, a limitation to lifting or carrying ten pounds occasionally and ten pounds frequently does not <u>require</u> a finding that Plaintiff is limited to sedentary work. As Plaintiff's argument implies, the regulations define "sedentary work" as work which involves lifting no more than ten pounds, and occasionally lifting or carrying articles like docket files, ledgers, and small tools; and which involves mostly sitting. 20 C.F.R. §§ 404.1567(a), 416.967(a); <u>Soc. Sec. Ruling</u> (SSR) 83-10, 1983 WL 31251, *5. However, sedentary work often requires a certain amount of standing and walking, and a

job is classified as sedentary "if walking and standing are required occasionally and other sedentary criteria are met." Id. "Occasionally" means from very little, up to one-third of the time. SSR 83-10, 1983 WL 31251, *5. Therefore, a sedentary job is usually described as one which requires sitting about six hours in an eight-hour workday, and walking or standing no more than about two hours in an eight-hour workday. Id.

> On the other hand,
>
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, <u>a job is in this category when it requires a good deal of walking or standing</u>.

20 C.F.R. §§ 404.1567(b), 416.967(b) (emphasis added).

Based upon these regulations, a job may be classified as light work even though it requires lifting and carrying only ten pounds or less, if it also requires standing or walking more than occasionally. Therefore, there may be a limited range of light work available to an individual with the RFC assessed by the ALJ in this case. What jobs are included within that limited range of light work is a vocational inquiry which neither this court nor an ALJ has the expertise to decide. Therefore, remand is necessary as suggested by the Commissioner to call upon the services of a vocational expert.

Therefore, the court finds that it is inappropriate to remand for immediate calculation and award of benefits in the circumstances presented in this case. Rather, as the Commissioner suggested in his memorandum, the case shall be remanded for further proceedings before an ALJ who will be directed to reevaluate all the medical opinions of

record and to explain the weight assigned to each, considering the factors in 20 C.F.R. §§ 404.1527 and 416.927; obtain evidence from a medical expert, if available and necessary; reevaluate Plaintiff's credibility prior to December 7, 2006, giving her the opportunity to explain any noncompliance; and obtain evidence from a vocational expert to identify appropriate jobs in the national economy based upon assessed limitations and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT).

**IT IS THEREFORE ORDERED** that the Commissioner's Motion to Reverse and Remand and for Entry of Final Judgment (Doc. 11) is GRANTED.

**IT IS FURTHER ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 28th day of February 2011, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**